ORIGINAL

FILED
DEC 18 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATE OF AMERICA,**<br>[redacted],<br><br>**Defendant.** | ) | **No.:** 06-865 C<br><br>**Judge:** ______________ |

## COMPLAINT

The Plaintiff, K-Con Building Systems, Inc. (hereinafter "K-Con") complains of the Defendant herein as follows:

## JURISDICTIONAL and FACTUAL ALLEGATIONS

1. K-Con is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant herein was in the business of construction, including construction of metal buildings.

2. The Defendant, the United State of America, is a Defendant in this action by virtue of the actions and omissions of its agency and instrumentality, the Department of Homeland Security, Unites States Coast Guard (hereinafter the "Coast Guard").

3. This Court has jurisdiction over this matter pursuant to 41 U.S.C. § 609.

4. K-Con has timely and properly pursued and exhausted all administrative remedies prior to instituting this action.

5. This case involves a contract for the design and construction of a prefabricated metal building for use as a Boat Storage Building for United States Coast Guard in

Honolulu, Hawaii under Contract No. DTCG86-04-F-633232 (GSA Contract No. GS-07F-0216L) (hereinafter the "Contract").

6. The Contract generally required K-Con to design and build a prefabricated metal building for the Coast Guard to be constructed in Honolulu, HI. The contract required K-Con to provide a design for a mezzanine. K-Con did so on several occasions.

7. A dispute arose over the height of structures K-Con built under the future mezzanine.

8. Despite the fact that K-Con provided an alternative mezzanine design which would have eliminated the conflict, on May 18, 2006, the Coast Guard issued a contracting officer's final decision deducting the cost of modifying the conflicting structures. (Exhibit 1 attached hereto).

9. The Coast Guard has breached its duty to mitigate damages.

10. The Coast Guard has failed to consider the alternate mezzanine plan which would have eliminated the need for remedial work.

11. The Coast Guard's estimate for remedial work is inaccurate and does not reflect actual costs.

12. The Coast Guard did not give K-Con an adequate chance to remediate the structural conflicts affecting the future mezzanine.

13. The Coast Guard failed to conduct any meaningful analysis of the impact and delays on the Contract caused by the additional work and the actions or inactions of the Coast Guard on the work being performed by K-Con.

**WHEREFORE,** K-Con prays for judgment against the Coast Guard finding that: (1) the assessment of a deductive modification for money by the Coast Guard was improper and

without cause; (2) K-Con is entitled to interest on the amount withheld by the deductive modifications; (3) K-Con is entitled to attorney's fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted.

William A. Scott
Pedersen & Scott, P.C.
775 St. Andrews Blvd.
Charleston, SC 29407
(843) 556-5656
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 12th day of December, 2006.

U.S. Department of Homeland Security

United States Coast Guard

Commanding Officer
United States Coast Guard
Civil Engineering Unit

300 Ala Moana Blvd., Rm. 8-134
Honolulu, HI 96850
Phone: (808) 541-2158
Fax: (808) 541-2203
Email: Bonnie.L.Hoe@uscg.mil

4200
May 18, 2006

**CERTIFIED MAIL**

Mr. Patrick Kiernan
K-CON, Inc.
P. O. Box 70904
Charleston, SC 29415

**CONTRACTING OFFICER'S FINAL DECISION**

SUBJ: DTCG86-04-F-633232 CONSTRUCT PRE-ENGINEERED BOAT STORAGE FACILITY, USCG INTEGRATED SUPPORT COMMAND HONOLULU

Dear Mr. Kiernan:

**SUMMARY OF CLAIM**

This delivery order was awarded on 3/18/04 under GSA contract GS-07F-0216L to design and construct a pre-engineered boat storage facility. The contract called for the design to include toilet and mezzanine designs even though these structures were not going to be constructed immediately.

The design requirements included the following statement:

"The design shall include a mezzanine area (approximately 20' by 50' above the north end of the first floor capable of sustaining 125psf of live load. Clear height for the first floor under the mezzanine shall be 9 feet."

Work began 5/24/04 with 95% drawings in place. The building was substantially complete on 8/31/04. All punchlist items were completed on 2/2/05. On 8/2/205 the Coast Guard still did not have the completed drawings for the project including the future mezzanine but needed to move forward in the construction of the mezzanine for the MSST. At that time it was discovered that the height of the equipment room and electrical room were constructed too high to accommodate the mezzanine. On 2/2/06 the completed design was received including the mezzanine design, however, there was no word on how the contractor planned on correcting the ceiling height discrepancy to accommodate the new mezzanine. Correspondence followed between K-Con and this office regarding what was needed to alleviate the discrepancy. K-Con offered a number of solutions that were rejected by the Government. Finally, it became clear that we would need to credit the contract the amount that it would take to alleviate the problem ourselves.

EXHIBIT
1

4200
May 18, 2006

FINDINGS OF FACT

1. 100% design drawings for the pre-engineered building were approved 6/3/04 giving K-Con one week to provide the final signed drawings in accordance with the contract.

2. A Cure Notice was issued 2/18/05 and the contract completion date reestablished to 4/4/05. Contractor need to provide the design for the mezzanine and toilet areas, submit the final design complete and signed, and complete all closeout submittals by the date.

3. On 4/20/05 drawings were submitted that were neither complete nor signed. K-Con was contacted and we were told we would have the complete signed drawings within a week.

4. On 8/2/05 a letter was received from K-Con indicating that they felt the drawings they submitted were satisfactory and if we wanted more detailed drawings it would cost us more money. We responded by pointing out the design requirements of the specification were clear and gave them suggestions on the best way to meet the requirements. In addition, this letter pointed out that the constructed height of the equipment room and electrical rooms were too high and did not meet the specifications. This meant that this condition would interfere with the construction of the mezzanine.

5. On 2/2/06 the completed design was received including the mezzanine and toilet designs. We found one design error which was relayed to K-Con on 3/16/06. We also asked for the drawings in Autocad as specified and again relayed the problems with the ceiling height. We indicated that K-Con could modify the rooms to correct the deficiency or we would accept a credit to the contract.

6. On 3/21/06 a fax was received recommending that the beam pockets be cut into the existing walls and offering the Government a $500.00 credit to do this work. We replied on 4/17/06 indicating that this proposal was not acceptable. The actual work to correct the problem would include rebuilding the ceiling to a correct height, and modifying all attached electrical and fire alarm conduits and wiring, and removing and reinstalling the existing ceiling lights and exhaust fan. I indicated at this point that I would have the engineer in charge of the mezzanine project do an estimate and this amount would be credited to their delivery order. This estimate came to $15,094.00.

Consistent with FAR 52.243-4, Changes (Aug 1987), FAR 52.236-23, Responsibility of the Architect-Engineer Contractor (Apr 1984), FAR 52.246-21, Warranty of Construction (Mar 1994), and the requirements of the scope of services, a unilateral modification will be issued to reflect this amount along with this KO decision letter.

This is the final decision of the Contracting Officer. You may appeal this decision to the Department of Transportation Board of Contract Appeals (S-20)(DOTBCA), 400 7th Street, SW, Washington, D.C. 20590. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Board of Contract Appeals

4200
May 18, 2006

and provide a copy to the Contracting Officer from whose decision the appeal is taken. (48 CFR 6302.1) The notice shall indicate that an appeal is intended, identify the contract by number, reference this decision, state the amount in dispute, and shall be signed by an authorized representative (48 CFR 6302.2). Instead of appealing to the agency Board of Contract Appeals, you may bring an action directly in the U.S. Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

BONNIE L. HOE
Contracting Officer

Encl: As stated

**AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT**

1. CONTRACT ID CODE | PAGE 1 OF PAGES 1

2. AMENDMENT/MODIFICATION NO.: P00005
3. EFFECTIVE DATE: 05/18/06
4. REQUISITION/PURCHASE REQ. NO.: 2404864633232
5. PROJECT NO. (If applicable)

6. ISSUED BY — CODE

Contracting Officer
USCG Civil Engineering Unit
300 Ala Moana Blvd., Rm. 8-134
Honolulu, HI 96850

7. ADMINISTERED BY (If other than Item 6) — CODE

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code)

K-CON, Inc.
P. O. Box 70904
Charleston, SC 29415

(✓) 9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MODIFICATION OF CONTRACT/ORDER NO.
GS-07F-0216L
DTCG86-04-F-633232

10B. DATED (SEE ITEM 13)
03/18/04

CODE | FACILITY CODE

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

2/6/401/133/43/0/33/34268/2535 Credit to the Govt. $15,094.00

**13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

(✓) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X D. OTHER (Specify type of modification and authority)
Unilateral modification in accordance with FAR Clause 52.233-01 "Disputes" JUL 2002

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

A. This unilateral modification provides the Government with a credit to the contract for work accomplished under the task order that does not comply with the specifications in accordance with the Contracting Officer's Final Decision of 5/18/06 (included with this modification).

B. The task order price is decreased from $729,573.00 to $714,479.00.

C. Contractor appeal rights are outlined in the Contracting Officer's Final Decision.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or Print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
BONNIE L. HOE

15B. CONTRACTOR/OFFEROR
______ (Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY Bonnie L. Hoe
(Signature of Contracting Officer)

16C. DATE SIGNED
05/18/06

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243